David Nathan Webber v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-396-CR

DAVID NATHAN WEBBER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of guilty, a jury convicted Appellant David Nathan Webber of felony theft.  Appellant pled true to the enhancement paragraphs, and the jury assessed his punishment at eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In four issues, Appellant complains about the parole law jury instruction.  Because we hold that the trial court did not err, we affirm the trial court's judgment.

The trial court instructed the jury, tracking article 37.07, section 4(c) of the Texas Code of Criminal Procedure.
(footnote: 2)  Although Appellant asked the trial court to omit specific portions of article 37.07, section 4(c), the trial court submitted the full instruction required by the statute.
(footnote: 3)
 As Appellant points out, the prosecutor informed the jurors of the application of the parole law to Appellant by eliciting testimony about Appellant's parole status, the date of his prior conviction, and the amount of time he was sentenced to serve on the prior conviction in comparison to the time he actually served.  The testimony explained to the jury that although Appellant was sentenced to fifteen years, he served only eight years.  In its closing argument, the State summed up the application of the parole law by explaining how the parole board had applied the parole law to Appellant—“[H]e is given this huge chance by the Board of Pardon and Paroles”—and by spelling out that Appellant served only eight years of a fifteen-year sentence.  Appellant does not complain on appeal that this argument is improper.

In his first issue, Appellant complains that the trial court abused its discretion by denying his motion for new trial based on the allegation that the parole law instruction was confusing.  In his fourth issue, Appellant complains that the trial court erred by submitting the full detailed jury instruction on the law of parole because it placed the existence of parole and good conduct time as applied to Appellant squarely within the jury's consideration.  When addressing similar issues in the context of an article 37.07, section 4(a) instruction, the Texas Court of Criminal Appeals has explained,

The Texas Legislature enacted legislation that requires the trial judge to instruct the jury in the precise wording that the statute recites.  Article 37.07, section 4(a) sets out, verbatim, the words that the trial judge is to use.  There are even quotation marks around the wording of the instruction.  That is at least some indication that the Legislature did not want any creative deviations from its chosen language.  The Legislature prefaced its instruction language with directions that “the court shall charge the jury in writing as follows:  ...”  The use of the word “shall” generally indicates a mandatory duty.  There is no reason to think that the Legislature enacted merely a suggested parole law jury instruction, one that trial judges should cut and paste as they see fit.

Trial judges, then, are faced with a dilemma.  If they do not give the statutorily mandated instruction, they violate the Legislature's law.  If they do give the instruction, defendants such as appellant and those similarly situated may claim that portions of the instruction might be misleading and inapplicable to them.  Trial judges may occasionally doubt the wisdom of a particular law, but they are not free to ignore explicit legislative directions unless those directives are clearly unconstitutional.  Therefore, because the trial judge in this case instructed the jury according to the legislative dictate expressed in article 37.07, section 4(a), he did not commit error.
(footnote: 4)
Based on the reasoning of the Texas Court of Criminal Appeals, we likewise hold that because the trial court in this case instructed the jury according to the legislative dictate expressed in article 37.07, section 4(c), the trial court did not commit error.  We overrule Appellant's first and fourth issues.

In his third issue, Appellant contends that the statute is vague, confusing, and misleading to the jury.  In the interest of justice, we construe this issue as complaining about a violation of due process or due course of law.  In 
Luquis
, the Court of Criminal Appeals addressed the appellant's contention that the jury instruction under subsection (a) was misleading and confusing:

Although it is theoretically possible that the jury could have been affirmatively misled in some unspecified way by the totality of the parole law instruction, appellant has not demonstrated a reasonable likelihood that it was, in fact, misled or that it assessed a higher sentence based upon any misconstruction of the parole law charge.  We therefore conclude that the parole law instruction, judged as a whole, was not misleading and certainly not so misleading as to convert appellant's trial into a fundamentally unfair proceeding which denied him due process.  Indeed, if the jury followed the judge's clear and explicit direction to not apply the general concepts of parole or “good conduct time” in assessing appellant's sentence, there was no error, confusion, or harm.  There is no showing that the jury did not follow the instruction in this case.  Thus, appellant has failed to shoulder his burden to demonstrate that there is a reasonable likelihood that this jury unconstitutionally misapplied the concept of “good conduct time” to assess a higher sentence as a result of the instruction, thereby denying appellant due process or due course of law.
(footnote: 5)

Similarly, Appellant in this case has not demonstrated a reasonable likelihood that the jury misapplied the concepts of parole and good conduct time to assess a higher sentence than it would have otherwise assessed.  We therefore overrule Appellant's third issue.

In his second issue, Appellant contends that the jury engaged in misconduct by considering the parole law as it applied to Appellant.  Appellant speculates that because the jury returned an eighteen-year sentence, the jury must have considered the effect of parole law on Appellant.  He also contends that a jury note stating, “Violation of parole, when will he have to start serving years for this crime?,” is evidence that the jury was improperly considering the parole law as applied to Appellant.  We disagree.  The note clearly questions when Appellant will begin serving whatever sentence the jury decides to assess.  Because Appellant has failed to prove jury misconduct, we overrule his second issue.

We point out that although the jury instruction on parole law may be confusing to a jury, may encourage a jury to apply the parole law to a defendant, may be vague and misleading, and may place the existence of parole and good conduct time as applied to an appellant squarely within the jury's consideration, especially in light of jury arguments such as the one in this case, the legislature has mandated its inclusion in the jury charge on punishment.
(footnote: 6)  The instruction has been held to be proper by the Court of Criminal Appeals.
(footnote: 7)  Until the legislature sees fit to rewrite the statute governing the communication of the parole law to juries, it is the law of the state.  We will not invade the province of the legislature.

Having overruled Appellant's four issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

CAYCE, C.J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 4(c) (Vernon Supp. 2005).

3:
See id.

4:
Luquis v. State
, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002) (footnotes omitted).

5:
Id.
 at 368 (footnote omitted).

6:
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 4(c).

7:
Luquis
, 72 S.W.3d at 363, 368.